# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS A. NOMMENSEN,**

                Petitioner,

            -vs-

**Case No. 08-C-914**

**TIM LUNDQUIST, Warden,**
**Dodge Correctional Institution,**

                Respondent.

## DECISION AND ORDER

This matter comes before the Court on Thomas Nommensen's ("Nommensen") petition for a writ of habeas corpus. Nommensen is serving a 24-year term of imprisonment after being convicted in state court of repeated sexual assault of a child, his daughter, Kayla Nommensen. *See* Wis. Stat. § 948.025(1). The Court recently directed the parties to address the possibility of abstention in light of the ongoing direct appeal from Nommensen's conviction. *See Younger v. Harris*, 401 U.S. 37 (1971); *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). For the reasons that follow, Nommensen's petition is dismissed pursuant to *Younger* abstention principles.[1]

---

[1] The Court raised the possibility of *Colorado River* abstention, but now finds that *Colorado River* abstention does not apply.

## BACKGROUND

In June 2004, Thomas Nommensen was charged in Washington County, Wisconsin with the repeated sexual assault of a child (Kayla Nommensen), contrary to Wis. Stat. § 948.025(1). In August 2004, Nommensen was charged with the repeated sexual assault of Kayla Nommensen in Fond du Lac County.

The Washington County case was tried first. Nommensen did not testify and he was found guilty. However, Nommensen moved for a new trial based on newly discovered evidence that his daughter told her ex-boyfriend that she lied about her accusations. Nommensen's motion was granted, the original Washington County conviction was vacated, and the proceedings were stayed in favor of the trial in Fond du Lac. In 2006, Nommensen was acquitted in Fond du Lac.

Back in Washington County, Nommensen moved to dismiss those charges on the grounds of double jeopardy, claim preclusion (res judicata) and issue preclusion (collateral estoppel). This motion was denied and upheld by the Wisconsin Court of Appeals. Nommensen's petition for review with the Wisconsin Supreme Court was denied. The matter then proceeded to trial in Washington County, and Nommensen was found guilty on September 12, 2008.

After he was convicted but before he was sentenced, Nommensen filed the instant petition in federal court. Nommensen brought this action under 28 U.S.C. § 2241, presumably because at the time he filed the petition, he was awaiting sentencing. Nommensen requested a stay of the proceedings in state court pending resolution of his

federal petition,[2] but by the time the Court conducted an initial review of Nommensen's complaint, Nommensen had already been sentenced. Therefore, the Court converted Nommensen's petition into a § 2254 petition because after sentencing, he became a person "in custody pursuant to a judgment of a State court."

In the midst of analyzing Nommensen's double jeopardy and collateral estoppel claims, the Court discovered that Nommensen is simultaneously pursuing a direct appeal from his conviction in state court. Nommensen's appeal is pending but it has not progressed beyond the initial stages. The public defender[3] is in the process of analyzing the record and deciding what claims to bring. Wisconsin's online court record system reveals that the court of appeals granted an extension until September 17, 2009 for the filing of a notice of appeal or other postconviction motion. *See State v. Nommensen*, 2009 XX 000030 - CR.

## ANALYSIS

Under the *Younger* abstention doctrine, federal courts must abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances. *See Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995); *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (*Younger* abstention "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings"). *Younger* abstention "is designed to permit state courts to try state cases free

---

[2] Nommensen did not file a formal motion to stay the state court proceedings. His request for a stay was included in the request for relief section of his petition.

[3] Nommensen is represented by a privately-retained attorney here in federal court, the same attorney who represented Nommensen at trial in Fond du Lac and Washington Counties.

-3-

from interference by federal courts." *Id.* It protects the principles of "equity, comity, and federalism," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602-03 (1975), and it is concerned with preventing "duplicative legal proceedings," "disruption of the state criminal justice system," and the negative implication that state courts are unable to "enforce constitutional principles." *Village of DePue, Ill. v. Exxon Mobile Corp.*, 537 F.3d 775, 783 (7th Cir. 2008).

While *Younger* arose in the context of an injunction against ongoing criminal proceedings, the doctrine now applies to other forms of relief. For purposes of *Younger*, "[i]nterference is thus usually expressed as a proceeding that either enjoins the state proceeding or has the 'practical effect' of doing so." *Rio Grande Community Health Center, Inc. v. Rullan*, 397 F.3d 56, 70 (1st Cir. 2005); *see also American Federation of State, County and Mun. Employees v. Tristano*, 898 F.2d 1302, 1305 (7th Cir. 1990) ("If the impact is similar to the undue interference of an injunction, then the comity and federalism concerns of *Younger* are implicated"). Where federal habeas relief is sought, courts acknowledge that the policy against federal court interference is implicated. *See In re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000). Additionally, *Younger* applies with equal force to a criminal conviction on direct appeal in state court. "*Younger* standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state appellate remedies." *Pursue*, 420 U.S. at 609; *Roberts v. Dicarlo*, 296 F. Supp. 2d 1182, 1185 (C.D. Cal. 2003) (applying *Younger* abstention to habeas petition while direct appeal from conviction is pending); *Harris v. Lewis*, No. C 03-4049 MMC(PR), 2003 WL 22416494 (N.D. Cal.) (same).

Because the threshold requirements for *Younger* abstention – avoiding interference with ongoing state court proceedings – are satisfied in the instant case, the Court must abstain if Nommensen's pending appeal is: (1) judicial in nature, (2) involves important state interests, and (3) provides an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate. *See Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007).

The first two elements are easily satisfied. Nommensen's direct appeal is a judicial proceeding which involves important state interests. *Pursue* addressed this point, albeit in the context of an appeal from a civil proceeding: "Federal post-trial intervention, in a fashion designed to annul the results of a state trial, also deprives the States of a function which quite legitimately is left to them, that of overseeing trial court dispositions of constitutional issues. . . . We think this consideration to be of some importance because it is typically a judicial system's appellate courts which are by their nature a litigant's most appropriate forum for the resolution of constitutional contentions." 420 U.S. at 609.

Of course, Nommensen already raised his constitutional claims in state court, so it would seem that Nommensen's direct appeal is no longer an adequate forum to raise his constitutional claims. In Wisconsin, the law of the case doctrine "is a longstanding rule that a decision on a legal issue by an appellate court establishes the law of the case, which must be followed in all subsequent proceedings in the trial court or on later appeal." *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989). However, the rule "is not absolute." *State v. Stuart*, 262 Wis. 2d 620, 633, 664 N.W.2d 82, 2003 WI 73. "The law

-5-

of the case doctrine is not a rule to which [the court] is bound by any legislative enactment, nor is it a rule to be inexorably followed in every case." *Univest*, 148 Wis. 2d at 38-39, 435 N.W.2d 234. Wisconsin courts retain the power to "disregard the rule of 'law of the case' in the interests of justice." *State v. Brady*, 130 Wis. 2d 443, 447, 388 N.W.2d 151 (1986).

As may be relevant here, Wisconsin courts adhere to the law of the case "*unless the evidence on a subsequent trial was substantially different*, [or] controlling authority has since made a contrary decision of the law applicable to such issues." *Id.* (emphasis added). After the Wisconsin courts rejected Nommensen's double jeopardy and collateral estoppel claims, his case obviously proceeded to trial in Washington County. It is entirely possible that the Wisconsin appellate courts could reconsider their constitutional rulings in light of the subsequent proceedings in Washington County.[4] Whether that is a likely outcome or not, the important point is that there is nothing preventing Nommensen from pursuing his double jeopardy/collateral estoppel claims on direct appeal in state court, and there may actually be a legitimate basis for the Wisconsin courts to revisit their initial rulings. Indeed, the likely success or failure of Nommensen's claims in state court is irrelevant to the *Younger* inquiry. All that matters is the opportunity to raise constitutional claims. "Federal courts must presume that . . . 'state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir.

---

[4] For example, the constitutional doctrine of collateral estoppel requires an examination of the prior proceeding to determine whether "a rational jury could have grounded its verdict upon an issue *other than that which the defendant seeks to foreclose from consideration*.'" *Ashe v. Swenson*, 397 U.S. 436, 444 (1970) (emphasis added). While the main focus is on the prior proceeding, what happened in the subsequent proceeding could more clearly demonstrate that the ultimate issues of fact are identical.

-6-

1996); *Majors v. Engelbrecht*, 149 F.3d 709, 713-14 (7th Cir. 1998) (adequate opportunity to raise constitutional challenges despite possibility that a prior injunction ruling "will influence the state court's decision on the same issues [which might] hamper the adequacy of his state review"); *Time Warner Cable v. Doyle*, 66 F.3d 867, 884 (7th Cir. 1995) (Ferguson, J., dissenting) ("the critical fact for the purposes of the *Younger* abstention doctrine is *whether* a party has an adequate *opportunity* to raise constitutional challenges") (emphases in original).

Finally, "*Younger* abstention is unwarranted where a criminal accused presents a colorable claim that a forthcoming second state trial will constitute a violation of her double jeopardy rights." *Walck v. Edmonson*, 472 F.3d 1227, 1234 (10th Cir. 2007); *see also Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). "A requirement that a defendant run the entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause." *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 303 (1984). Nommensen's situation is different because he waited until after trial to file this petition, at which point he already endured the "personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense." *Abney v. United States*, 431 U.S. 651, 661 (1977). By the time Nommensen filed his petition in federal court, it was too late for the Court to protect this aspect of Nommensen's rights under the Double Jeopardy Clause. *See United States ex rel. Stevens v. Circuit Court of Milwaukee County, Wis., Branch VIII*, 675 F.2d 946, 948 (7th Cir. 1982) ("[t]he policy of avoiding multiple trials . . . is the only objective of the

-7-

double jeopardy clause that cannot be adequately protected by appeal from (or collateral attack on) a judgment of conviction in the second prosecution"). There are no other exceptional circumstances which justify federal court intervention at this time. *See Younger*, 401 U.S. at 46-47 (to justify federal restraint of state criminal proceedings, petitioner must establish the threat of "great and immediate" irreparable injury, beyond "that incidental to every criminal proceeding brought lawfully and in good faith"); *Pender v. Van Hollen*, No. 08-C-518, 2008 WL 2783458 at *2 (E.D. Wis.) ("In all habeas cases, petitioners suffer similar 'irreparable harm' in that their punishments continue while the court considers the merits of their cases").

Accordingly, the Court must dismiss this action pursuant to the *Younger* abstention doctrine. *See Rio Grande*, 397 F.3d at 68 ("*Younger* abstention is mandatory if its conditions are met"). If necessary, Nommensen can return to federal court to litigate his federal claims in the context of a § 2254 petition. The dismissal of this case will not cause a subsequent petition to be barred by the restrictions against second or successive filings. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling" do not count for purposes of § 2244(b)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Nommensen's petition is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2009.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**